IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **HUMBERTO BERRUM ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TYSON FOODS, INC.;**<br>**ADVANCEPIERRE FOODS, INC. dba**<br>**TYSON FOODS, INC.; and**<br>**PIERRE FOODS, LLC dba TYSON**<br>**FOODS, INC.,**<br><br>**Defendants.** | **Case No. 5:22-cv-172** |

## NOTICE OF REMOVAL

Tyson Foods, Inc. ("Tyson Foods") and AdvancePierre Foods, Inc. ("AdvancePierre Foods") (collectively "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action to the United States District Court for the Western District of North Carolina.

## PROCEDURAL HISTORY

1. On or about September 29, 2022, Plaintiff Humberto Berrum ("Plaintiff") filed this action in the Catawba County Superior Court in Newton, North Carolina.

2. On October 20, 2022, Plaintiff served the Complaint on Defendants. Defendants' responsive pleadings are due in state court on or before November 21, 2022.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in this action are attached as **Exhibit A**.

## NATURE OF ACTION

4. This action arises from Plaintiff's employment and termination of employment with

AdvancePierre Foods. Compl. at ¶¶ 3,17.  Plaintiff first claim alleges that Defendants terminated his employment because he initiated a complaint under "Article 2A of Chapter 16 of the North Carolina General Statutes." *Id*. at ¶¶ 20-26 (purporting to state a cause of action under the Retaliatory Employment Discrimination Act; N.C.G.S. §95-240 *et seq*. ("REDA")).  Plaintiff's second claim alleges that he was discharged from employment in violation of the public policy of the State of North Carolina. *Id*. at ¶¶ 27-34.

## BASIS FOR DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiff, Tyson Foods, and AdvancePierre Foods, are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is a North Carolina resident. *Id.* at ¶ 1.

7. Tyson Foods is a Delaware corporation (*id.* at ¶ 2) with its principal place of business in Springdale, Arkansas.

8. AdvancePierre Foods is also a Delaware corporation (*id.* at ¶ 3) with its principal place of business in Springdale, Arkansas.

9. Under REDA, a plaintiff may recover compensation for "lost wages, lost benefits, and other economic losses that were proximately caused by the retaliatory action or discrimination." N.C. Gen. Stat. § 95-243(c)(4).  If the court finds that the employee was injured by a willful violation, "the court shall treble the amount awarded." *Id*.  REDA also states, "The court may award to the plaintiff and assess against the defendant the reasonable costs and expenses, including attorneys' fees, of the plaintiff in bringing an action pursuant to this section." N.C. Gen. Stat. § 95-243(c)(4).

10. Plaintiff's first claim under REDA seeks "lost wages, lost benefits, and other economic losses that were proximately caused by the retaliatory action." Compl. at ¶ 25. Plaintiff alleges that "Defendants acted willfully in violating REDA, such that the Plaintiff is entitled to his costs and attorney's fees and to have his damages tripled." *Id*. at ¶ 26. Plaintiff's second claim seeks "lost wages, lost benefits, and other economic losses . . .." *Id.* at ¶ 34.

11. Although the Complaint does not state the specific amount Plaintiff seeks to recover, Plaintiff's claims make clear that he is seeking damages in excess of $75,000. *See id.*, Prayer for Relief.

12. Plaintiff's Medicare wages as reported on his W-2 from January 1, 2021, through his termination of employment on or about June 29, 2021, totaled $29,067.09, averaging $4,844.52 per month. **Exhibit B.** The amount of Plaintiff's purported lost wages alone over a period of seventeen months to date plainly satisfies the amount in controversy requirement. *See, e.g. Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (holding "just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.") (cleaned up). The requested trebling of such damages places the amount in controversy well beyond $75,000.

13. Although the amount of attorney's fees Plaintiff seeks is not yet known, such fees may be included in this Court's determination of the amount in controversy because the fee is provided for by REDA. *Francis v. Allstate Ins. Co*., 709 F.3d 362, 368 (4th Cir. 2013).

14. Although Defendants deny engaging in any unlawful conduct against Plaintiff, punitive damages are a possible remedy in public policy wrongful discharge claims such as Plaintiff's second claim for relief. North Carolina permits recovery of punitive damages in an amount "not [to] exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater." N.C. Gen. Stat. §1D-25. Punitive damages may be considered for purposes of determining whether the amount in controversy meets the threshold statutory requirements. *See Packard v. Provident Nat'l. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993), *cert. denied*, 510 U.S. 964 (1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied); *R.L. Jordan Oil Co. of N. Carolina v. Boardman Petroleum*, Inc., 23 F. App'x 141, 145 (4th Cir. 2001) (unpublished) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages").

**PIERRE FOODS, LLC IS MISNAMED AND NOT A PROPER DEFENDANT**

15. A summons directed to "Pierre Foods, LLC d/b/a Tyson Foods, Inc" was provided to a non-management employee at the AdvancePierre Foods facility where Plaintiff previously was employed at 3437 E. Main St., Claremont, North Carolina. The summons was delivered on or about October 18, 2022, by an individual who, upon information and belief, was from the local sheriff's department.

16. The Complaint alleges "Defendant Pierre Foods, LLC is owned and operated by Tyson Foods, Inc. and is the previous legal name of AdvancePierre Foods, Inc." (Compl. at ¶ 4). Plaintiff has confused Pierre Foods, LLC, with Pierre Foods, Inc. Pierre Foods, **Inc**. was incorporated in Delaware with a principal place of business in Cincinnati, Ohio. Pierre Foods,

Inc., changed its corporate name to AdvancePierre Foods, Inc. effective November 29, 2010. **Exhibit C.** This occurred prior to Plaintiff's hire date by AdvancePierre Foods in September 2011. Plaintiff was employed by AdvancePierre Foods throughout the course of his employment related to the claims in the Complaint.

17. On November 14, 2022, counsel for Defendants notified Plaintiff's counsel by email that Pierre Foods, LLC was not Plaintiff's employer and had no legal or business relationship to Tyson Foods or AdvancePierre Foods. Counsel also provided copies of Plaintiff's W-2s from AdvancePierre Foods and confirmed to Plaintiff's counsel that Defendants will not contest AdvancePierre Foods' status as Plaintiff's former employer for purposes of this lawsuit. On November 16, 2022, counsel for Defendants provided Plaintiff's counsel with documents from the North Carolina Secretary of State's website showing the name change from Pierre Foods, Inc. to AdvancePierre Foods, Inc., effective November 29, 2010.

18. If Plaintiff does not voluntarily dismiss Pierre Foods, LLC, which has not been properly served in this matter by delivery of the summons to the AdvancePierre Foods facility, Defendants are still entitled to remove the case. A district court can assume jurisdiction over a case if there are non-diverse defendants at the time of removal if the plaintiff fraudulently joined the non-diverse defendant. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "The fraudulent joinder doctrine allows a district court to assume jurisdiction over a case even if complete diversity is lacking in order to dismiss non-diverse defendants and thereby retain proper diversity jurisdiction." *Capparelli v. AmeriFirst Home Imp. Fin. Co.*, 535 F. Supp. 2d 554, 559 (E.D.N.C. 2008).

19. To determine whether joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of

joinder by any means available." *Id.* (quoting *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir.1990)). The moving party may establish the fraudulent joinder of a named defendant by demonstrating "outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff [can] establish a cause of action against the in-state defendant in state court." *Capparelli v. AmeriFirst Home Imp. Fin. Co.*, 535 F. Supp. 2d 554, 559 (E.D.N.C. 2008). There is no possibility that Plaintiff can establish a cause of action against Pierre Foods, LLC.

## REMOVAL IS TIMELY

20. Removal of this action is timely and proper pursuant to 28 U.S.C. §§ 1441 and 1446. Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,…" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Because Defendants were served on October 20, 2022, this Notice of Removal is timely filed.

## VENUE IS PROPER

21. 28 U.S.C. § 1441(a) provides that removal is proper "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court is the United States District Court for the district and division in which the above-referenced state court action is pending, and therefore is the appropriate venue for the removal of this action. *See id.*

## NOTICE TO STATE COURT

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be provided to Plaintiff, along with the Clerk of the Catawba County Superior Court, a copy of which is attached hereto as **Exhibit D**.[1]

WHEREFORE, Defendants respectfully request that the above-mentioned litigation, now pending before the General Court of Justice, Superior Court Division, in Catawba County, North Carolina, be removed to this Court based on diversity jurisdiction.

Dated: November 18, 2022

Respectfully submitted,

*s/ Kevin J. Dalton*
Kevin J. Dalton, NC State Bar No. 24197
R. Bryan Holbrook, NC State Bar No. 56201
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
(704) 334-4565 Telephone
kdalton@fisherphillips.com
bholbrook@fisherphillips.com

---

[1] To prevent duplication, Defendants have not attached a second copy of this pleading to Exhibit D but have incorporated it herein by reference.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **HUMBERTO BERRUM ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TYSON FOODS, INC.;**<br>**ADVANCEPIERRE FOODS, INC. dba**<br>**TYSON FOODS, INC.; and**<br>**PIERRE FOODS, LLC dba TYSON**<br>**FOODS, INC.,**<br><br>**Defendants.** | **Case No. 5:22-cv-172** |

## CERTIFICATE OF SERVICE

    I hereby certify that on November 18, 2022, a true and correct copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. A true and correct copy of the same was also served via U.S. mail, postage prepaid, upon counsel for Plaintiff at:

> William E. Morgan
> MORGAN LAW, PLLC
> 200 First Avenue NW, Suite 531
> Hickory, NC 28601

This the 18th day of November, 2022.

                                              */s Kevin J. Dalton*
                                              Kevin J. Dalton
                                              Attorney for Defendant